**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT BYRON HICKS and | ) | Case No. 09-50390 |
| LORI MOSS HICKS | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| YADKIN VALLEY PAVING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 09-06024 |
| v. | ) | |
| | ) | |
| ROBERT BYRON HICKS | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on May 21, 2010, upon the Motion for Summary Judgment (the "Motion") filed by Yadkin Valley Paving, Inc. (the "Plaintiff") on March 26, 2010. At the hearing, Kevin W. Whiteheart appeared on behalf of the Plaintiff and Ann H. Yonker and Stafford R. Peebles, Jr. appeared on behalf of Robert Byron Hicks (the "Defendant").

Rule 56 provides that the moving party will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).

Generally, summary judgment is not appropriate for the determination of claims when issues of subjective intent are involved.  See Allman v. Wappler (In re Cansorb Industries Corp.), Adv. No. 07-6072, slip op. at 17 (Bankr. M.D.N.C. Nov. 20, 2009) (2009 WL 4062220) and the cases cited therein.  One of the requirements of Section 523(a)(2) is that the false representation by the debtor be made with the intention and purpose of deceiving the creditor.  Likewise, one of the requirements of Section 523(a)(6) is that the conduct of the debtor in injuring the creditor be done with actual intent to cause injury.

Upon a review of all pleadings and documents filed in connection with the Motion, the Defendant's response, the affidavits filed with the Court, and the entire official file, the Court finds that there are several issues of material fact that prevent summary judgment.  The affidavits filed by the Plaintiff and Defendant present facts that differ significantly on the issue of the Defendant's intent.  The affidavits also present conflicting facts regarding the parties' relationship, business dealings, and communications.  Further, the parties have presented conflicting evidence as to whether the Plaintiff knew or should have known of the existence or status of the Defendant's corporation, Triad Site Development, Inc. d/b/a/ Dunn Foster & Spainhour.  Because these genuine issues of fact exist, the Court concludes that summary judgment is not appropriate.

However, one issue can be decided as a matter of law.  In North Carolina, a corporate officer is personally liable for all torts committed by him, regardless of whether he is acting on behalf of the corporation.  Rich Food Servs., Inc. v. Rich Plan Corp., No. 5:99CV677, slip op. at 4 n.1 (E.D.N.C. May 12, 2001) (2001 WL 36210598); Lyndon Prop. Ins. Co. v. Adams (In re Adams), 312 B.R. 576, 586-87 (Bankr. M.D.N.C. 2004) (Stocks, J.) ("It is well settled that a corporate officer or agent may be personally liable for damages caused to third parties by his

fraud or false representations even though he is acting on behalf of his employer when the fraud or false representations occur."). Moreover, many cases have held that the individual liability of a corporate officer can form the basis of a claim under Section 523(a)(2). See, e.g., Rimal v. Wibisono (In re Wibisono), 412 B.R. 747, 753 (Bankr. D. Md. 2009); Adams, 312 B.R. at 587. Thus, the Defendant's assertion that he is protected from liability because he acted as an officer of a corporation is misplaced.

It appears to the Court that discovery should be reopened for sixty days from the date of this Order so that the parties can further investigate these factual disputes.

It further appears that a mediated settlement conference should be held with regard to the Adversary Proceeding.

Therefore, it is ORDERED, ADJUDGED, and DECREED as follows:

1.   The Motion is DENIED.

2.   The parties have up to and including July 20, 2010 to conduct further discovery in regard to this Adversary Proceeding.

3.   A mediated settlement conference shall be conducted in this Adversary Proceeding in accordance with Rule 9019-2 of the Local Rules of this Court.  The mediated settlement conference shall be completed by July 20, 2010.

4.   The Plaintiff and Defendant have until May 31, 2010, to either agree on a mediator or submit two names each to the Court.  If the parties fail to agree on a mediator, the Court will select a mediator from among the names submitted.  The mediator shall be paid an hourly rate of $250.00.  At the end of the conference, the Plaintiff and the Defendant shall each pay one half of the fees of the mediator.

5.   The mediated settlement conference will be held at the United States Bankruptcy

Court, 226 S. Liberty Street, Winston-Salem, North Carolina, unless the parties agree otherwise.

      6.      All parties and their counsel shall physically attend the mediated settlement conference.

      7.      The parties have up to and including July 30, 2010 to file a report with the Court as to the result of the mediated settlement conference.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT BYRON HICKS and | ) | Case No. 09-50390 |
| LORI MOSS HICKS | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| YADKIN VALLEY PAVING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 09-06024 |
| v. | ) | |
| | ) | |
| ROBERT BYRON HICKS | ) | |
| | ) | |
| Defendant. | ) | |

PARTIES IN INTEREST

Robert and Lori Hicks

Yadkin Valley Paving, Inc.

Kevin W. Whiteheart, Esq.

Ann H. Yonker, Esq.

Stafford R. Peebles, Jr., Esq.